Good morning, ladies and gentlemen. There is one matter before the court this morning. Although we don't use the time clock, we do adhere to the time constraints. Please remember that this is not a microphone. It's a recording device, so you have to keep your voices loud so that we can all hear you and compete with the LaSalle Street traffic. Please call the first case. Case number 12-1183. A.M. Realty Western, LLC. v. MSMC Realty, LLC. Counsel, step up. Identify yourself for the record. Good morning. My name is Judge Gordon, Judge Hall, and Judge Garcia. My name is Alexandra Fremderman of Kiragoski Fremderman Ltd. I'm here on behalf of A.M. Realty, plaintiff, and appellant in this matter. How much time do you want to reserve for rebuttal? Five minutes, Your Honor. How many? Five minutes. Five? Five. This appeal is from a final judgment entered by the Circuit Court of Cook County denying plaintiff's-appellant motion to reconsider and vacate judgment in favor of defendant granting MSMC's motion to dismiss for lack of standing on November 17, 2011. Why don't we begin with the standard of review that we have to apply in this case? Of course. The standard of review, Your Honor, is for one of abuse of discretion. Is it? Well, the Supreme Court has said that the abuse of discretion standard only applies in circumstances where the circuit judge exercised his discretion. Did the circuit judge exercise his discretion in this case in granting the motion to dismiss? Indeed, Your Honor. In what fashion did he do so? It seems to me that the finding of the court that the landlord, in fact, was not entitled to collect- Let's stop right there. When he's not entitled to collect, is that an exercise of discretion or is he saying, as a matter of law, the landlord is not entitled to collect because whatever he was entitled to was extinguished upon the sale of the property? That is the exact issue, Your Honor. So is it abuse of discretion or is it a question of law that we are confronted with? It seems that it was an abuse of discretion on the part of the trial judge not to apply a clear precedent that, in fact, supports plaintiffs- So you're sort of mixing the two. It's either a question of law that the judge ruled upon or he said, you know, I could go either way here, but I'm going to exercise my discretion and go this way. I'm not sure which of the two you're saying. All I'm saying is that the trial court judge erroneously relied on a set of precedent that, in fact, did not apply to the fact of the case here. You see, but the problem that you don't understand is that we have to apply a certain standard of review. And this was a motion to dismiss under Section 2619, and the law has always said that that's a de novo standard of review. And that's the way we decide cases, and that's the way the law is made and provided. I understand. I can't argue against such a thing. And furthermore, it benefits your side if we are applying a de novo standard of review because we're deciding the issue without any deference to the circuit court. See, it's to your advantage. So we're giving you what's called a softball. We're showing you the way down the road, and you want to take another road. You don't want to do that. Not at all, Your Honor. Okay. So proceed intelligently. Thank you. Briefly, facts of the case as follows. On January 12, 2004, Plaintiff and SSM Regional Health Services, which is the defendant's predecessor in the case owning and operating St. Francis Hospital and Health Care, entered into a lease. Now, Section 3.02 of the lease provides that at tenant's expense, all improvements required in the leased space other than bathrooms provided by landlord shall be initially paid for by the landlord upon occupancy of the tenant and then billed back to the tenant over a five-year amortization schedule in addition to the rent. Now, here before us is not the only issue as to whether you have standing to sue. Isn't that what this is all about? That is correct. Just the one issue, standing to sue. Circuit court said you did not, and your argument should be why you have standing. Yes, Your Honor. But tell us first, tell us why the circuit court believed your client did not have standing. Well, the circuit court relied on case law presented by the defendant. For example, Lipschitz v. Robertson. But, you know, boil that down to us for a rule that he took from those cases. Sure. The rule basically indicates that once upon the sale of the land, the rent passes down with the land. And this is not the case here. Here we are referring to an already accrued debt that was expended to improve HVAC in the building. More like a contract? It's more, it's almost like a loan, but not really, but at least an accrued rent. It should be seen as not future, but already accrued, matured obligation on the part of the tenant to repay those amounts to the landlord. Let me ask you, did the cases that the circuit judge quoted, Lipschitz? Yeah, Lipschitz v. Robertson and post-court management. Did they address standing? No, they did not. All these cases really refer to is the fact that the rent, future rent payments, pass down with the land, which is well-settled Illinois law, but this is not the case here. What is your best case? Plaintiffs presented numerous cases which actually support our position. Metropolitan Trust Company v. Do you have a Supreme Court case that everybody's followed since 1982? Yes, Scholar v. People. That narrows it down for you, right? Scholar v. People, Your Honor. Okay. What is it? Scholar v. People, it's an Illinois Supreme Court case of 1982. In that case, court found that rent arrears are chosen in action and does not pass with the land. And some of the facts in this case, I believe the lease was, the lease was, property was sold, deed was executed and delivered after October 1st. And the court still decided that October rent actually was due to the original landlord, not the new landlord. Let me ask you, in that case that you just discussed, was it a dispute between the buyer of the property and the seller of the property in terms of who was entitled to that rent? Actually, it was very similar to the case at hand. It was a dispute between the seller of the property and the tenant. All right. So – And the tenant said, I don't owe you the money, I owe the other guy. That is correct. And, in fact, the court did find that the original landlord – Is the tenant in this case saying, I'm not going to pay you, I'm going to pay the other person? Exactly, Your Honor. Is he saying that? Is he saying that? They're saying that they're not – Have they paid the other person? No. No, Your Honor. They have not. Do you expect a check to the other person? Maybe we should ask the defendant – I thought they were saying that they didn't owe anyone at all now, since they were no longer on the premises. That is not necessarily the case, Your Honor. Some of the correspondences that we have received from defendants' counsel does indicate that there was an agreement between the parties to pay the amounts for HVAC improvements, but since the lease has extinguished, the obligation did not – the obligation was terminated. That's what I just said. Right. So he doesn't intend to pay anyone, or she? But I think it's all – it's also a question of – naturally follow. I mean, how is there still – how can they argue that there's a – that they don't owe one particular party when it's not their intention to pay anyone at all? That is a very good point, Your Honor. Thank you. In fact – What's the answer? The answer, I think, again, it's a question of fact. Well, here's one answer, that you say, you can pay me and let me fight with the other person, and we'll resolve it. But you owe someone, and you might as well pay me. Indeed, a good question. That is why, in fact, we did file the lawsuit. Right. And the motion to dismiss was simply granted for lack of standing, which doesn't necessarily apply in this case. That is exactly why we're here, Your Honor. To – as I had mentioned previously – Two minutes. There's many different cases that support plaintiff's position in this case, and that, in fact, do say that even if you do take that as already accrued rent, that that should be – that the landlord should be entitled to collect that. But we're also arguing that it's not even that. It's further than that. It's almost like a personal property. It's almost like a loan, because that money was taken out of plaintiff's slash landlord's pocket, expended on HVAC improvements, and landlord relied upon defendant's promise to repay those amounts. And as I had already mentioned, Scali v. People supports our position, so does Lulu Stores Company v. Hartman, where the last source cause of action for past due rent was not extinguished by the conveyance of the property. There's also Metropolitan Trust Company v. Fishman. That's a 1944 case from the 1st District, and Dessenbrock case v. Interstate Restaurant Corporation also support indicating that already accrued rent does not pass down with the land, and landlord is entitled to collect for those amounts, and therefore does have standing. And a motion to reconsider – and the judgment should be vacated, and, in fact, the case should go further to decide those questions of fact. Thank you. Thank you, counsel. You'll have five minutes, Rebuttal. Thank you. Scali. Good morning. May it please the Court, my name is Anna Krasinski, and I represent the defendant, Eppley, in this matter. This case is about a five-year-old. Let me ask you this. How do you get around Scali? We don't dispute that the common law says that rent that has accrued during the term of a lease remains with the property owner if the owner then sells the property. The facts, though, are different here. Here, the landlord is seeking payments that it claims should continue to be made after the lease ended. So all of the cases that both parties cited – But it's like a rearage, isn't it? It's debt already owed, but it's not for future events. It's for debt already owed, and he wants to collect what he's owed. Why shouldn't he be allowed to do that? The lease, at least during the five-year term of the lease, says that the tenant will pay rent, and then an additional monthly amount for HVAC improvements. So it's a monthly obligation. There's nothing in the lease that says, for example, when the lease terminates, this additional amount is due and payable. Let me ask you this one. They sold the building. Was there an assignment of this matter to the new buyers? The contract for sale and the deed included all leases. And pros-corporate management actually said that you don't need a written assignment. If you sign a warranty… Okay, so the answer to my question was no, there was none. No, there was none, but the lease was transferred pursuant to pros-corporate management and the deed itself that said that all leases, rents, and profits… So that means that your client doesn't have to pay an obligation that they would have had to pay if the building had not been sold. Is that what you're telling us? That that would be fair and just? I think there are two issues. The first is, under this case law, I think that everyone can agree that if this is a monthly obligation, which it claims to be in the lease, and if it continues past the termination of the lease, then at the date of sale, any monthly amounts that would be due would transfer to the new owner. So the time period we're talking about here is really the time period after the lease ended. Well, if it would be transferred to a new owner, then certainly there would be standing, would there not, here in this case, because they claimed that it wasn't transferred. Certainly the new owner would have standing to claim that they were entitled to payments from the date of sale going forward. So the issue here is really whether or not the plaintiff has standing to allege that it is entitled to payments from the date the lease ended to the date it sold the property. Yeah, but the new owners aren't going after you and suing you, are they, for the money?  They're not asking for the money? These people are asking for the money. Somebody has to be paid the money. And, in fact, counsel, isn't that really somewhat of a standing question that really applies to your client, and that is why should your client have standing to interject the contract for sale of the real estate as a sort of shield against the obligation that your client had to pay the landlord for whatever that is? Why should your client have standing to use that real estate contract as some sort of barrier? A tenant shouldn't be required to pay a party that isn't entitled to pay. Well, but then it's a question of law whether that obligation continued once it's sold. And then you try the case, and then the judge issues a ruling as to whether or not that obligation continued after the sale of the property. But it's not a question of standing. It's not a question of you lose outright. It's a question of isn't it a triable issue? It actually is a question of standing, and professional corporate management was a standing case. And in that case, the tenant said the plaintiff landlord doesn't have standing to sue here because they sold the property, and the appellate court upheld the dismissal. But that was a case where there was a lease involved, and it was the payment of the lease. Here we're talking about improvements. That was not a case of improvements. You're correct. That's like saying that a cat, you know, is a dog, but it isn't. It's still a cat. But there's nothing in the lease itself that indicates that these payments were a loan, were some already accrued payments. Well, that's an argument like Justice Garcia says that, you know, that you make before the trial court as to whether there should be payment. The only issue that we're deciding is whether there's standing here, you know, whether they have a right to have a trial. And this is America. Most people have a right to have a trial if they have a reason for it. So the issue that the plaintiff has raised on appeal is whether or not the court properly dismissed its motion for reconsideration because it claimed in its motion for reconsideration that the court should have found that it had standing based on this case law that says, well, when you sell the property, you still are entitled to amounts that accrued prior to the sale of the property. The issue here, though, is that that argument was only raised on a motion for reconsideration. It wasn't brought before the trial court at any other time. And the case law in Illinois from this court and from the Illinois Supreme Court is pretty clear that a court does not abuse its discretion in denying a motion for reconsideration when that motion for reconsideration brought arguments that were available to the party beforehand but that they simply failed to present. I agree with you that the motion for reconsideration should be reviewed as under the abusive discretion standard. But what about the judge's original decision? And didn't he really say that it's a matter of law that the plaintiff is not entitled to recover these funds from the prior tenant because of the sale of the property, which extinguished the obligation? Well, the only argument raised by a plaintiff's response to the motion to dismiss for lack of standing was that the plaintiff had standing to sue because this was a loan. But if you look at the record, and this court can affirm based on any reason that's apparent in the record, there's nothing in the lease document itself that indicates in any way that this is a loan. It's not called a loan. The document is called an office lease. This portion is a section of the loan. It's not a section of the lease. It's not called, you know, loan within the lease. There's absolutely nothing in the contract that says that this is a loan, that says that this is anything more than monthly payments that the tenant has to pay during the five-year term of the lease. So the judge issued a ruling saying that as a matter of law, this is not a loan, and therefore the plaintiff's loose? Well, the order simply stated that the motion to dismiss was granted. But because this court can affirm based on any reason in the record, this court can affirm. But we can also take the issue before us as a question of law and review it de novo and say, you know, loan is one thing, but it still doesn't mean that the person is not entitled to litigate the issue and have the judge determine whether, as a trier of fact, determine whether or not it was a loan. It could have been. Maybe it was a loan. We don't know. That issue, however, was not raised in plaintiff's notice of appeal or in their opening brief. The issue in the notice of appeal and in the brief was whether or not the court properly granted the motion for reconsideration. And that is separate and apart from the underlying order. Are you saying that the notice of appeal only addressed the motion for reconsideration and not the underlying motion to dismiss? Notice of appeal itself, enlisting the order that it's appealing, states that it is appealing the order of the motion for reconsideration. Didn't it use the word orders? And not the motion for it to dismiss. It said the word orders in the notice of appeal. They were appealing the orders of the court? I recall it saying the order on the motion for reconsideration of the order of dismissal. Does waiver apply to this court, or is it simply a matter to apply against the party? Can we ignore waiver? Can we ignore forfeiture? Can we say, nonetheless, we're going to address the merits of this issue? Well, it is a jurisdictional issue. Is it? Did you file a motion to dismiss the appeal based on a lack of jurisdiction of this court? This court absolutely has jurisdiction over the motion for reconsideration and that order. What if the notice of appeal says orders? What if it's plural? Can't we say we understand that to mean not only the order on the motion to reconsider, but also on the order on the motion to dismiss? If this court believes that both orders were properly appealed, then, of course, this court has jurisdiction over both orders. It's our position, however, that based on the notice of appeal, this court only has jurisdiction over the order on the motion for reconsideration. But if you look at the order on the motion to dismiss for lack of standing, it's pretty clear based on all of the case law that there's no standing at least after the date the property was sold. Scully v. People agrees with that. The Lipschultz case agrees with that. And the only case that any of the parties cite that actually addressed standing itself, Post-Corporate Management, also says that. And then going to that prior time period, there are a couple of reasons why there's no right to collect anything before that, too. So who had the right to collect? Did anyone have a right to collect? No, it's our position that any payments required to lease ended. So that was just a gift to whoever succeeds in leasing the property? The HVAC improvement is a big improvement to the property, and it remained with the property. So any tenant coming in after the five-year lease would have the use and enjoyment of that HVAC. The current property owner has the use and enjoyment. Would there be any unjust enrichment on your client by receiving that value that he's put in but without reimbursing the owner? Absolutely not, Your Honor, because during the five-year term of the lease, during the time when the property was occupied by the tenant, the tenant paid rent, the tenant paid for its portion of the use and enjoyment of the HVAC, and it paid for everything that it used while it was in the premises. The lease, however, doesn't require the tenant to continue paying for something that it's not using, that it's not getting any benefit of, and that could potentially be used and occupied by some other tenant. But you understand that to the extent that we disagree with the circuit court judge on standing, all we would do would be remanded for a trial. And those arguments you've just made sounds like good arguments for a verdict of no liability, but I'm not persuaded that we can go with standing. That's what I mean. Those arguments that the lease itself doesn't provide the payments extend beyond termination, you're correct, Your Honor, they don't go to standing. But because this Court can affirm for any reason in the record, this Court can look at it. But should we affirm if it seems to be a triable issue? And you certainly have good arguments to put forth as to why there's no continuing obligation to pay once the property was sold, but how do we resolve that as a matter of law? You know, the notice of appeal here is an appeal seeking review of the March 23, 2012, order that denied plaintiff's motion for reconsideration and the November 7, 2011, order dismissing the complaint. It's not what you said it is. If both are properly in there, then I would concede that this Court has jurisdiction over both. Well, I mean, you're supposed to be arguing and know your case better than me. My reading of the notice of appeal was that it was a... Oh, it's clear and unambiguous. It's there. The words are there, the notice of appeal. You know, it's like taking this pencil and calling it an elephant. It's still a pencil. It says what it says. You can't say it's something else and get away with it. That's not the way we do business. I understand that, Your Honor. Going back to your question, Justice Garcia, based on contract law, contract interpretation, it's improper to... So let's say it was a contract. It was a contract. I mean, it's a landlord-tenant lease, and that's a contract, and contracts are reviewed by the Circuit Court, and they're reviewed, and then once he interprets it, then isn't it... It boils down to this. Aren't we applying a standard, a de novo review of the... Didn't the Court really rule on a question of law as to the original motion dismissed? I would agree that it's a de novo standard overview as applied to the original order on the motion to dismiss. I would agree with you there. But because the rules of contract interpretation prohibit reading into a contract things that don't exist in the contract... But, you know, that would have been more like a summary judgment motion as a motion dismissed. As saying, you know, accepting everything as set forth here, a person has no right to recover. It seems awfully harsh to rule that way on a summary judgment motion. It's different if you're saying that the only reasonable interpretation of this lease is one where the obligation to continue paying these monthly fees for this HVAC terminate upon the sale of the property. I mean, the judge could rule on that as a matter of law, and that's something else. And both sides would be able to address that issue squarely. This Court can also review that it's not an ambiguous contract. No one's claiming that it is. So the contract here is clear, and there's simply no provision in the lease itself that says these monthly HVAC payments continue after the date the lease ended in April 2009. In the survival provision, it doesn't mention that section, those payments. In the rent obligations, it doesn't mention that the tenant's obligation to pay this one portion continues after the lease terminates. There's nothing in the lease itself, and because of that, this Court can affirm. Okay, Counselor, your time has expired. Thank you, Your Honor. Rebuttal? Rebuttal? I believe that it was clearly highlighted and stressed that the question here is one of standing. To discuss any matters or the language of the contract, it would be quite premature or maybe even inapplicable in this case. The argument of standing was, in fact, raised in our response to the motion to dismiss, and the trial judge did, in fact, have the opportunity to consider the law. And, in fact, as was, in fact, mentioned before, this is properly a de novo standard of review here. And while in the case law provided in support of the plaintiff's position for standing, does clearly say that because this is an already matured obligation, and even though there was a sale of property, the landlord in this case should have standing and should be entitled to collect on an already matured obligation that was to be paid by the tenant to the landlord. Well, the only thing we're going to resolve is whether you're entitled to go to a trial. Indeed, yes. Election is far away. All right. Thank you. Thank you, Your Honor. All right. Thank you, counsel. This matter will be taken under advisement. This court would note before it adjourns that this is the last day our colleague, Justice Rodolfo Garcia, will be with us for the time being. And we want to express our thanks to him for his collegiality, for his scholarship over the years, and wish him every success and happiness. Can I add to that? And I'll remain. I'm going to the circuit court. That's great. I'll remain. Thank you.